UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONE DWAYNE MILLER,<br>on behalf of Minnesota Citizens,<br><br>        Plaintiff,<br><br>v.<br><br>LORI SWANSON, Minnesota Attorney General, and MINNESOTA DEPARTMENT OF LABOR AND INDUSTRY,<br><br>        Defendants. | Civil No. 07-3760 (JNE/JJG)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiff's rambling complaint is nearly incomprehensible. It includes some vague accusations of wrongdoing by the State of Minnesota, but it does not describe any

specific historical facts. One paragraph of the complaint, which illustrates what the entire pleading is like, alleges the following:

> "This Law suit is designed to change the Laws of Employment minds of the Minnesota Legislature and the Employers who employ them, Me, You, for the current practice leaves no room for appreciation at making Minnesota the Great State that it is, As does the former treatment of the World War II Veterans and Current Soldiers whom had put their lives on the line to see to it that we are able to provide for the people we LOVE and Care about the most and our great Country known as the UNITED STATES OF AMERICA."

(Complaint, [Docket No. 1], p. 2, ¶ 5.)

The rest of the complaint is comprised of similar unintelligible verbiage. Again, the complaint does not allege any specific facts, and it does not describe any actual historical events. The complaint fails to describe any specific wrongful acts or omissions by the named Defendants, or any specific injury that Plaintiff has sustained, or expects to sustain.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s) based on some cognizable legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's current complaint fails to meet this standard. The complaint does not adequately describe what, specifically, the named Defendants allegedly did, (or failed to do), that supposedly violated Plaintiff's rights under federal law or the Constitution, and it does not show that Plaintiff has suffered, (or will suffer), any actual injury for which the named Defendants could be held legally responsible.

Thus, the Court concludes that Plaintiff's complaint fails to state a cause of action on which relief can be granted. It follows that Plaintiff's IFP application must be denied, and this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 22, 2007                                  s/Jeanne J. Graham

                                                                          JEANNE J. GRAHAM
                                                                          United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by September 12, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.